﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190826-28281
DATE: August 31, 2020

ORDER

Entitlement to service connection for bilateral lower extremity arthralgia due to chronic fatigue syndrome and/or undiagnosed illness is denied.

FINDINGS OF FACT

1. The preponderance of the evidence does not support a diagnosis of chronic fatigue syndrome.

2. The Veteran’s bilateral lower extremity symptoms have been attributed to compartment syndrome, which is a known diagnosed disability, and is not due to an undiagnosed illness.

CONCLUSION OF LAW

The criteria for entitlement to service connection for bilateral lower extremity arthralgia due to chronic fatigue syndrome and/or undiagnosed illness have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.317.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1987 to November 2007. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran opted into RAMP on June 15, 2018 and selected the Supplement Claim Review lane. On October 18, 2018, the Agency of Original Jurisdiction (AOJ) completed its Supplemental Claim Review based on the evidence of record and issued an unfavorable decision. The Veteran timely appealed this decision to the Board by requesting the AMA Evidence Submission lane.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § § 3.303(a). To establish a right to compensation for a present disability, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may also be warranted for a Persian Gulf Veteran who exhibits objective indications of a qualifying chronic disability that became manifest during active military, naval, or air service in the Southwest Asia theater of operations during the Persian Gulf War to a degree of 10 percent or more. 38 U.S.C. § 1117; 38 C.F.R. § 3.317.

For purposes of section 3.317, there are three types of qualifying chronic disabilities: (1) an undiagnosed illness; (2) a medically unexplained chronic multi-symptom illness; and (3) a diagnosed illness that the Secretary determines in regulations prescribed under 38 U.S.C. § 1117(d) warrants a presumption of service connection. 38 C.F.R. § 3.317(a)(2). 

An undiagnosed illness is defined as a condition that by history, physical examination, and laboratory tests cannot be attributed to a known clinical diagnosis. In the case of claims based on undiagnosed illness, unlike those for direct service connection, there is no requirement that there be competent evidence of a nexus between the claimed illness and service. Further, lay persons are competent to report objective signs of illness. Gutierrez v. Principi, 19 Vet. App. 1, 8-9 (2004). 

A medically unexplained chronic multisymptom illness is one defined by a cluster of signs or symptoms, and specifically includes chronic fatigue syndrome, fibromyalgia, and irritable bowel syndrome. A medically unexplained chronic multisymptom illness means a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multisymptom illnesses of partially understood etiology and pathophysiology will not be considered medically unexplained. 38 C.F.R. § 3.317(a)(2). There are currently no diagnosed illnesses that have been determined by the Secretary to warrant a presumption of service connection under 38 C.F.R. § 3.317(a)(2)(C).

Objective indications of chronic disability include both signs, in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3). Signs or symptoms that may be manifestations of an undiagnosed illness or a medically unexplained chronic multisymptom illness include, but are not limited to, the following: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 3.317(b). 

For purposes of section 3.317, disabilities that have existed for six months or more and disabilities that exhibit intermittent episodes of improvement and worsening over a six-month period will be considered chronic. The six-month period of chronicity will be measured from the earliest date on which the pertinent evidence establishes that the signs or symptoms of the disability first became manifest. 32.317(a)(4). 

Entitlement to service connection for bilateral lower extremity arthralgia due to chronic fatigue syndrome and/or undiagnosed illness is denied.

The Veteran asserts that he has a bilateral lower extremity condition that is a result of his service in the Gulf War. Specifically, he states that his service treatment records (STRs) show provisional diagnoses of inflammatory myopathy and myalgia. Additionally, he states that his VA treatment records document consistent reports of a cluster of issues in his lower extremities, such as muscle and joint pain and cramping after exercise or activities. The Board notes that at times, the Veteran has claimed that his bilateral lower extremity symptoms were due to chronic fatigue syndrome. 

A review of the Veteran’s STRs shows no evidence of treatment for or a diagnosis of chronic fatigue syndrome or a chronic bilateral lower extremity condition. The Veteran was deployed in support of Desert Shield/Storm from August 7, 1990 to April 4, 1991. An April 1998 note reflects the Veteran had no medical problems that he related to being in the Persian Gulf until he started losing body hair. 

An April 1, 2003 treatment note reflects that the Veteran reported pain in the left calf/ inside thigh region that began when he was out hunting and has persisted for the past four months. The assessment was history of plantar fasciitis, myositis. He was prescribed Bextra, told to stretch daily, and consider custom orthotics. 

An April 11, 2003 follow-up shows the Veteran reported left calf pain that started in the summer of 2002. He stated he quit working out due to muscle fatigue increase and if he mowed the lawn, his legs were very achy and tired afterwards, described as feeling like after a charley horse. He stated he had been taking Bextra for 6 days, and it had helped a lot in decreasing the pain. On physical examination there was no muscle tenderness except a little in the left calf. The assessment was possible inflammatory myopathy (myositis). He was told to continue taking the Bextra. 

A July 2003 Report of Medical History shows the Veteran reported being treated for muscular pain, unknown cause, from 2002-2003, with the pain ceasing in May 2003. 

An August 2003 medical examination shows the Veteran’s lower extremities were normal. 

A May 2007 Report of Medical History for retirement listed several conditions but did not list any bilateral lower extremity ailments other than plantar fasciitis. The Veteran indicated he intended to seek VA disability for neck, foot, and alopecia conditions.

Lastly, the Veteran underwent periodic physical examinations in service for retention, none of which noted a bilateral lower extremity disorder. 

Post-service treatment records, while they note chronic fatigue syndrome on the problem list, do not show a diagnosis of the disorder. There are post-service VA treatment notes that show complaints of and treatment for bilateral lower leg/joint pain and/or cramping. 

A November 2012 Gulf War General Medical Examination report shows that the Veteran had no diagnosed illnesses for which no etiology was established. The Veteran reported he started noticing muscle soreness, mostly in his calves, after exercise or strenuous activity in service but was unsure of the exact date. He stated his last episode of symptoms was in the middle of 2011 but resolved later that year. He reported every that every 2-3 years, he has daily cramping sensation in both calves, less severe in the quads, for a few months. He can perform his usual exercises except running and gets tired more quickly during an episode. It disappears quickly over a few days to no symptoms at all. A neurology consult dated July 2011 revealed no neurological disease and a July 2011 lumbar MRI was unremarkable. Electromyography (EMG) in August 2011 was negative for myopathy or radiculopathy. Ultrasound of the lower extremities in January 2012 showed no sign of claudication in legs or other peripheral arterial condition. The examiner noted the Veteran had a normal examination of his lower extremities with a fluid and balanced gait and unimpaired movement. There was no muscle atrophy or asymmetry, and no deficit of motor strength. In the remarks, the examiner stated in his medical opinion, there is no objective evidence that the Veteran experienced anything unusual for an adult of his age, body habitus, and activity, or that he has any specific condition that causes muscle soreness or cramping after a workout. The examiner noted that occasionally, more strenuous physical exertion will cause muscle soreness or cramping in any adult, and these may recur until the involved muscles become better conditioned with that level of use, or he reduces his activity level modestly so that symptoms are not bothersome. The examiner continued that the Veteran’s symptoms are not a chronic condition or disabling in any sense and will resolve with maintenance of a healthy body weight (the examiner described him as obese by current body weight standards), moderate exercise most days of the week, and a nutritious balanced diet with modest portions. 

A May 2014 VA chronic fatigue syndrome examination shows that the Veteran reported a history of onset of chronic fatigue syndrome in approximately 2002, during service. The Veteran worked a desk job at the time of the examination. He reported having initial leg/joint pain that progressed to continued fatigue that is now constant. The Veteran also described the frequency of the fatigue as intermittent depending on exertion level and the leg/joint pain as cramping. The examiner noted that the Veteran’s VA treatment records were reviewed but not the claims file. The Veteran also reported episodic debilitating fatigue reduced daily activity level to less than 50% of pre-illness level. Signs and symptoms attributable to chronic fatigue symptoms were listed as debilitating fatigue, low grade fever, generalized muscle aches or weakness, fatigue lasting 24 hours or longer after exercise, headaches, migratory joint pain, and sleep disturbance. His symptoms did not result in periods of incapacitation. The examiner diagnosed the Veteran with chronic fatigue syndrome noting that he had been tested for multiple sclerosis (MS), Lou Gehrig’s Disease (ALS), and Lyme disease, as well as being seen by orthopedics, rheumatology and neurology and was negative for other conditions. 

The Veteran was diagnosed with chronic compartment syndrome, left calf in June 2014 by VA Orthopedics. He subsequently underwent a left leg surgical release of the fascia in December 2014. 

An October 2015 VA chronic fatigue syndrome examination, at which the claims file was reviewed, found that the Veteran did not have a diagnosis of chronic fatigue syndrome. The Veteran reported that while he was in the Army, he noticed extreme fatigue in his legs after mowing the lawn or running four miles. The symptoms were described as “just feeling like I’m on the verge of getting a charley horse in the muscles of my legs after exercising.” He also reported being diagnosed with compartment syndrome in both legs in 2014 by VA Orthopedics and the subsequent left leg surgical release of the fascia in December 2014, which he stated was helpful. The Veteran stated he was prescribed Cymbalta for aches and pains which also provided relief, and that he has experienced overall improvement in symptomatology since 2012, when he filed his claim, but was not yet 100 percent. He did say that with continued medical treatment he felt that “all was coming together” and he had less pain and was therefore able to exercise, losing 25 pounds since the surgery. The Veteran indicated that he had undergone very comprehensive testing for all of his complaints and no actual conclusion of chronic fatigue syndrome had been made. The Veteran reported working full-time in the VA Business Office in Billings, MT, a job that requires frequent travel. He reported his hobby as working out at the gym to stay in shape. The examiner determined that the Veteran did not have any findings, signs and symptoms attributable to chronic fatigue syndrome. 

Regarding the Veteran’s subjective report of lower extremity muscle discomfort as a symptom of his chronic fatigue syndrome, the examiner stated the objective clinical evidence indicates he was diagnosed with compartment syndrome June 2014 which is the most likely cause of the Veteran's reported symptoms, with no objective clinical evidence of cause and/or aggravation by alleged chronic fatigue syndrome. The examiner opined it is less likely as not the Veteran's bilateral lower extremity arthralgia was incurred in or caused by Gulf War exposures that occurred during service over eight years ago because there is no objective clinical evidence of findings meeting the VA chronic fatigue syndrome diagnostic criteria nor current diagnostic criteria required to diagnose the condition of chronic fatigue syndrome. The rationale provided was that according to a review of recent relevant medical research symptoms should be present for at least six months and have moderate, substantial, or severe intensity at least one-half of the time. The May 22, 2014 diagnosis of chronic fatigue syndrome is most likely speculative because there is no objective clinical evidence of findings validating, supporting, nor meeting the criteria for a diagnosis of chronic fatigue syndrome; the medical community at large recognizes the diagnosis can be made if the patient has a typical history, and no abnormality can be detected on physical examination or in the screening tests. The examiner also stated that the disability benefits questionnaire (DBQ) submitted by the May 2014 treatment provider is most likely speculative because the provider did not indicate access and/or review of the Veteran’s C-file. 

Based on a review of the record, the preponderance of the evidence does not show that the Veteran has a current bilateral lower extremity disability that is due to chronic fatigue syndrome or to an undiagnosed illness. 

The Veteran was not diagnosed with chronic fatigue syndrome in service or by the VA. VA examinations conducted in November 2012 and October 2015 determined there was no evidence of a diagnosis of chronic fatigue syndrome, and that the Veteran’s symptoms did not meet the criteria for a diagnosis of chronic fatigue syndrome. While the May 2014 VA examiner diagnosed chronic fatigue syndrome, the October 2015 VA examiner found that diagnosis to be speculative as the May 2014 examiner’s record review did not include the Veteran’s claims file, only his VA treatment records. 

Lay evidence can be competent and sufficient to establish a diagnosis when (1) a layperson is competent to identify the medical condition (sometimes the layperson will be competent to identify the condition where the condition is simple, for example, a broken leg, and sometimes not, for example, a form of cancer), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In the present case, while a lay person may be competent to report symptoms of fatigue, they are not competent to diagnose chronic fatigue syndrome. The diagnosis of chronic fatigue syndrome requires greater medical knowledge and testing to determine a diagnosis, which the Veteran has not shown he possesses. This is particularly true here, where the VA examiner noted that there are specific criteria to be met before a diagnosis of chronic fatigue syndrome is appropriate. Accordingly, the Veteran is not competent to establish a diagnosis for his claimed chronic fatigue syndrome. 

Because the Veteran is a Persian Gulf Veteran, however, service connection may alternatively be established for a chronic disability resulting from an undiagnosed illness under the provisions of 38 U.S.C. § 1117 and 38 C.F.R. § 3.317. The Board notes that the Veteran does not have an undiagnosed illness involving his lower extremities. A June 2014 VA treatment note reflects the Veteran’s left lower extremity calf pain/cramping was due to left lower extremity compartment syndrome, which is not an undiagnosed illness and has a specific diagnosis. Service connection under the provisions of 38 C.F.R. § 3.317 is therefore not warranted. 

The record does not demonstrate that the Veteran has been diagnosed with chronic fatigue syndrome or an undiagnosed illness. As the preponderance of the evidence is against the claim for service connection for a bilateral lower extremity disorder due to chronic fatigue syndrome or an undiagnosed illness, the benefit of the doubt doctrine is not applicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.